**IN THE U.S. DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BAE Systems Resolution Inc.; | § | |
| Bridgestone Americas Tire Operations, LLC; | § | |
| PerkinElmer Automotive Research, Inc.; | § | |
| Exxon Mobil Corporation; | § | |
| Flint CPS Inks Holdings LLC; and | § | |
| Structural Metals, Inc. | § | |
| Plaintiffs, | § | **C.A. No. 5:19-cv-974** |
| | § | |
| v. | § | |
| | § | |
| Mission Transport, LLC; Walmart, Inc.; | § | |
| Leonard & Harral Packing | § | |
| Company; BFI Waste Services of Texas, | § | |
| LP; Coastal Transport Co., Inc.; The Pep | § | |
| Boys - Manny, Moe, & Jack, Inc.; Jiffy Lube | § | |
| International, Inc.; MAAC Texas Enterprises, | § | |
| Inc.; Northwest Automotive Service, Inc.; Ken's | § | |
| Tire & Auto Service, LLC; Comet Fuel Center, | § | |
| Inc.; Hydraulic Specialists, Inc.; Richardson | § | |
| Bros., Inc.; Bert's Motor Works, Inc.; James | § | |
| H. Starling; Anadarko Petroleum Corporation; | § | |
| Crenwelge Buick Olds, Inc.; Midway | § | |
| Automotive, Inc.; Charles Clay, individually | § | |
| and dba AAMCO Transmissions; Cambridge | § | **JURY TRIAL REQUESTED** |
| Auto Center, Inc.; Michael H. Kaczmar, | § | |
| individually and dba BC Garage; Womack | § | |
| Diesel Service Incorporated; Seguin | § | |
| Chevrolet, Inc.; Dornak Auto Parts, Inc.; | § | |
| Rogers Import Service, LLC; Robert Maspero, | § | |
| individually and dba United Transmissions; | § | |
| Daniel Brossman, individually and dba | § | |
| B&M Automotive; Lee Roy Meadows, | § | |
| individually and dba B&M Automotive; | § | |
| Johnson-Savage, Inc. dba Precision Tune; | § | |
| David Anderson, individually and dba | § | |
| Anderson Garage; Dennis Nielsen, | § | |
| individually and dba Nielsen's Garage; | § | |
| Kayser's Automotive Services, Inc.; Tieken | § | |
| Auto Service and Parts, Inc.; Mott's Automotive | § | |
| Service, Inc.; Baker Hughes; Mitson, Inc. | § | |
| dba AAMCO Transmissions; B&C Service | § | |
| Center, LLC; Alamo Concrete Products | § | |

| | |
|---|---|
| **Company; Ewald Kubota, Inc.; Louis F.** | § |
| **Sirianni, individually and dba Sirianni** | § |
| **Automotive; Guido Brothers Construction** | § |
| **Company; Tress, Inc. dba Performance** | § |
| **Automotive & Transmission; Schneider's Tire** | § |
| **& Automotive Service, Inc.; Boening Brothers** | § |
| **Dairy, Inc.; H&H Crane Service; Southern** | § |
| **Moving & Storage Company, Inc.; Temple Hill** | § |
| **Automotive Repairs, Inc.; Jesse R. Zamarripa** | § |
| **individually and dba Zamarripa's Tire;** | § |
| **University Hospital; Sparrow Bros. Automotive** | § |
| **Parts & Service, Inc.; Soechting Motors, Inc.;** | § |
| **Badders Garage, Inc.; Bill Reichel, individually** | § |
| **and dba Hays County Automotive; Dietz** | § |
| **Tractor Company; David Hinson, individually** | § |
| **and dba Hinson's Auto Repair; Crenwelge** | § |
| **Motor Sales, Inc.; R&L Carriers, Inc.;** | § |
| **Ruiz and Sons, Inc.; Auto Works, Inc.;** | § |
| **Baumann Auto Repair, Inc.; Bolado's** | § |
| **Automotive, Inc.; River City Hydraulics,** | § |
| **Inc.; and Ismail Ali, individually and dba San** | § |
| **Marcos Truck Stop** | § |
| | § |
| | § |
| **Defendants.** | § |

## ORIGINAL COMPLAINT

Plaintiffs BAE Systems Resolution Inc., Bridgestone Americas Tire Operations, LLC, PerkinElmer Automotive Research, Inc., Exxon Mobil Corporation, Flint CPS Inks Holdings LLC, and Structural Metals, Inc. (collectively referred to as "Plaintiffs") file this Original Complaint and in support show as follows:

## INTRODUCTION

1.      This is a civil action for cost recovery and contribution brought pursuant to Sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613 and Sections 361.343 and 361.344 of the Texas Solid Waste Disposal Act ("TSWDA") for recovery of past and future response costs incurred and to be incurred by the Plaintiffs for response activities

undertaken and to be undertaken at the R&H Oil/Tropicana Energy Site in San Antonio, Bexar County, Texas (the "Site").

2.        Plaintiffs seek cost recovery and contribution from each Defendant pursuant to Sections 107(a) and 133(f) of CERCLA, 42 U.S.C. §§ 9607 and 9613(f), and pursuant to Sections 361.343, 361.344 of the TSWDA, Tex. Health & Safety Code Ann. §§ 361.343, 361.344, for past and future response costs which Plaintiffs have paid and may pay in the future at the Site, along with a declaration as to each Defendant's liability and an allocation of past and future response costs among all parties.

3.        Additionally, under Texas law, Plaintiffs seek to recover their damages, expenses and costs pursuant to claims of unjust enrichment, negligence per se, and attorney's fees.

4.        Plaintiffs have served a copy of this Original Complaint on the Attorney General of the United States and the Administrator of the Environmental Protection Agency pursuant to Section 113(l) of CERCLA.

## PARTIES

### *Plaintiffs*

5.        Plaintiff, BAE Systems Resolution Inc., is a Texas corporation doing business in Texas.

6.        Plaintiff, Bridgestone Americas Tire Operations, LLC, is a Delaware limited liability company doing business in Texas.

7.        Plaintiff, PerkinElmer Automotive Research, Inc., is a Texas corporation doing business in Texas.

8.      Plaintiff, Exxon Mobil Corporation, is a New York corporation doing business in Texas.

9.      Plaintiff, Flint CPS Inks Holdings LLC, is a Texas limited liability company doing business in Texas.

10.     Plaintiff, Structural Metals, Inc., is a Texas corporation doing business in Texas.

### *Defendants*

11.     Defendant, Mission Transport, LLC ("Mission Transport), is a Texas limited liability company doing business in Texas.  Mission Transport may be served through its registered agent for service of process, William M. Riddick, 8546 Broadway, Suite 150, San Antonio, Texas 78271.

12.     According to Site records, Mission Transport by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 8,800 gallons of solid waste and/or hazardous substances owned or possessed by Mission Transport, at the Site.

13.     By letter dated June 11, 2018, the Plaintiffs notified Mission Transport of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Mission Transport the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

14.     To date, Mission Transport has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

073171.000001
125 - 5322622.7

15.     Defendant, Walmart, Inc. ("Walmart"), is a Delaware corporation doing business in Texas.  Walmart may be served through its registered agent for service of process, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

16.     According to Site records, Walmart by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 7,023 gallons of solid waste and/or hazardous substances owned or possessed by Walmart, at the Site.

17.     By letter dated April 13, 2018, the Plaintiffs notified Walmart of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Walmart the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

18.     To date, Walmart has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

19.     Defendant, Leonard & Harral Packing Company ("L&H") is a Texas corporation doing business in Texas.  L&H may be served through its registered agent for service of process, Russell Faldik, 647 Steves Ave., San Antonio, Texas 78210.

20.     According to Site records, L&H by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 4,611 gallons of solid waste and/or hazardous substances owned or possessed by L&H, at the Site.

21.     By letter dated April 13, 2018, the Plaintiffs notified L&H of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site,

073171.000001
125 - 5322622.7

and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered L&H the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

22.     To date, L&H has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

23.     Defendant, BFI Waste Services of Texas, LP ("BFI"), is a Delaware limited partnership doing authorized to do business in Texas.  BFI may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

24.     According to Site records, BFI by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 4,445 gallons of solid waste and/or hazardous substances owned or possessed by BFI, at the Site.

25.     By letter dated April 13, 2018, the Plaintiffs notified BFI of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered BFI the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

26.     To date, BFI has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

27.     Defendant, Coastal Transport Co., Inc. ("Coastal Transport"), is a Texas corporation doing business in Texas.   Coastal Transport may be served through its

registered agent for service of process, Joe Morgan, 1603 Ackerman Rd., San Antonio, Texas 78219.

28.     According to Site records, Coastal Transport by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 3,059 gallons of solid waste and/or hazardous substances owned or possessed by Coastal Transport, at the Site.

29.     By letter dated April 16, 2018, the Plaintiffs notified Coastal Transport of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Coastal Transport the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

30.     To date, Coastal Transport has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

31.     Defendant, The Pep Boys – Manny, Moe & Jack, Inc. ("Pep Boys") is a Pennsylvania corporation doing business in Texas who does not maintain a registered agent for service of process in Texas.  Therefore, Pep Boys may be cited by serving the Texas Secretary of State, Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711 by serving two copies of the process (citation and petition) via certified mail, return receipt requested.  The Texas Secretary of State is hereby requested to forward the process (citation and petition) to Pep Boys by and through its President, William Inhken, 3111 W. Allegheny Ave, Philadelphia, Pennsylvania 19132, via certified mail, return receipt requested, and to issue a certificate of service.

073171.000001
125 - 5322622.7

32.     According to Site records, PEP Boys by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 2,115 gallons of solid waste and/or hazardous substances owned or possessed by PEP Boys, at the Site.

33.     By letter dated April 16, 2018, the Plaintiffs notified PEP Boys of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered PEP Boys the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

34.     To date, PEP Boys has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

35.     Defendant, Jiffy Lube International, Inc. ("Jiffy Lube") is a Delaware corporation doing business in Texas.  Upon information and belief, Jiffy Lube is a successor in interest to Quick-Ten-Lube ("QTL"), a company that, according to Site records, by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 1,965 gallons of solid waste and/or hazardous substances owned or possessed by QTL, at the Site.  Jiffy Lube may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

36.     By letter dated April 24, 2018, the Plaintiffs notified Jiffy Lube of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened

073171.000001
125 - 5322622.7

release of solid waste and/or hazardous substances at the Site and offered Jiffy Lube the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

37.     To date, Jiffy Lube has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

38.     Defendant, MAAC Texas Enterprises, Inc. ("MAAC") is a Texas corporation doing business in Texas. Upon information and belief, MAAC is a successor in interest to McKenzie Air Industries, McKenzie Equipment Company, and McKenzie Rental Company (collectively "McKenzie"). MAAC Texas Enterprises may be served through its registered agent for service of process, Mary Ann McKenzie, 3813 Verano Drive, Austin, Texas 78735.

39.     According to Site records, McKenzie by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 1,341 gallons of solid waste and/or hazardous substances owned or possessed by McKenzie, at the Site.

40.     By letter dated February 14, 2019, the Plaintiffs notified McKenzie of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered McKenzie the opportunity to voluntarily join in the Plaintiffs' efforts at the Site. Plaintiffs' claims are viable against MAAC pursuant to Rule 17(b) of the Fed. R. Civ. P., federal case law, and the Texas corporate survival statues (Tex. Bus. Org. Code §§ 11.356 and 11.359), despite MAAC's filing of a *Certificate of Termination of a Domestic Entity* with the Texas

Secretary of State on or about May 20, 2019.  According to § 11.356(a)(2), Plaintiffs' claims may be asserted.

41.     To date, McKenzie has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

42.     Defendant, Northwest Automotive Service, Inc. ("Northwest Automotive") is a Texas corporation doing business in Texas.  Northwest Automotive may be served through its registered agent for service of process, Ricky Colunga, 8880 Oakland Street, San Antonio, Texas 78240.

43.     According to Site records, Northwest Automotive by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 1,063 gallons of solid waste and/or hazardous substances owned or possessed by Northwest Automotive, at the Site.

44.     By letter dated April 24, 2018, the Plaintiffs notified Northwest Automotive of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Northwest Automotive the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

45.     To date, Northwest Automotive has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

46.     Defendant, Ken's Tire & Auto Service, LLC ("Ken's Tire & Auto") is a Texas limited liability company doing business in Texas.  Ken's Tire & Auto may be

073171.000001
125 - 5322622.7

served through its registered agent for service of process, Kenneth M. Smith, 7902 Mainland Dr., San Antonio, Texas 78250.

47.     According to Site records, Ken's Tire & Auto by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 1,005 gallons of solid waste and/or hazardous substances owned or possessed by Ken's Tire & Auto, at the Site.

48.     By letters dated April 19, 2018 and February 4, 2019, the Plaintiffs notified Ken's Tire & Auto of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Ken's Tire & Auto the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

49.     To date, Ken's Tire & Auto has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

50.     Defendant, Comet Fuel Center, Inc. ("Comet Fuel") is a Texas corporation doing business in Texas.  Comet Fuel may be served through its registered agent for service of process, Roemer Traugott, 3155 Southwest Military Dr., San Antonio, Texas 78224.

51.     According to Site records, Comet Fuel by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 988 gallons of solid waste and/or hazardous substances owned or possessed by Comet Fuel, at the Site.

52.     By letters dated April 19, 2018 and February 4, 2019, the Plaintiffs notified Comet Fuel of the existence of the release or threatened release of solid waste

073171.000001
125 - 5322622.7

and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Comet Fuel the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

53.    To date, Comet Fuel has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

54.    Defendant, Hydraulic Specialists, Inc. ("Hydraulic Specialists") is a Texas corporation doing business in Texas.   Hydraulic Specialists may be served through its registered agent for service of process, Michael C. Wright, 7811 Fortune Drive Suite A., San Antonio, Texas 78250.

55.    According to Site records, Hydraulic Specialists by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 839 gallons of solid waste and/or hazardous substances owned or possessed by Hydraulic Specialists, at the Site.

56.    By letter dated April 19, 2018, the Plaintiffs notified Hydraulic Specialists of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Hydraulic Specialists the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

57.    To date, Hydraulic Specialists has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

58.    Defendant Richardson Bros., Inc. ("Richardson Bros.") is a Texas corporation doing business in Texas.   Richardson Bros. may be served through its

073171.000001
125 - 5322622.7

registered agent for service of process, Robert Price, 1539 U.S. Highway 181 N., Floresville, Texas 78114.

59.     According to Site records, Richardson Bros. by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 618 gallons of solid waste and/or hazardous substances owned or possessed by Richardson Bros., at the Site.

60.     By letter dated April 27, 2018, the Plaintiffs notified Richardson Bros. of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Richardson Bros. the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

61.     To date, Richardson Bros. has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

62.     Defendant, Bert's Motor Works, Inc. ("Bert's Motor Works") is a Texas corporation doing business in Texas.  Bert's Motor Works may be served through its registered agent for service of process, Isaiah Akin, 7678 Highway 90 West, #70, San Antonio, Texas 78227.

63.     According to Site records, Bert's Motor Works by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 549 gallons of solid waste and/or hazardous substances owned or possessed by Bert's Motor Works, at the Site.

64.     By letter dated April 26, 2018, the Plaintiffs notified Bert's Motor Works of the existence of the release or threatened release of solid waste and/or hazardous

073171.000001
125 - 5322622.7

substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Bert's Motor Works the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

65.     To date, Bert's Motor Works has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

66.     Defendants, James H. Starling, individually and dba Starling Machine Shop ("Starling") is a Texas resident doing business in Texas.  Starling may be served at his principal place of business located at 2033 CR 126, Floresville, Texas 78114 or wherever he may be found.

67.     According to Site records, Starling by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 525 gallons of solid waste and/or hazardous substances owned or possessed by Starling, at the Site.

68.     By letter dated April 26, 2018, the Plaintiffs notified Starling of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Starling the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

69.     To date, Starling has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

70.     Defendant, Anadarko Petroleum Corporation ("Anadarko") is a Delaware corporation doing business in Texas.  Upon information and belief, Anadarko is a successor in interest to Howell Corporation and/or Howell Hydrocarbons (collectively "Howell").

073171.000001
125 - 5322622.7

Anadarko may be served through its registered agent for service of process, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

71.     According to Site records, Howell by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 523 gallons of solid waste and/or hazardous substances owned or possessed by Howell, at the Site.

72.     By letter dated May 31, 2018, the Plaintiffs notified Anadarko of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Anadarko the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

73.     To date, Anadarko has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

74.     Defendant, Crenwelge Buick Olds, Inc. ("Crenwelge Buick") is a Texas corporation doing business in Texas.  Crenwelge Buick may be served through its registered agent for service of process, Milton Crenwelge, 815 West Main, Fredericksburg, Texas 78624.

75.     According to Site records, Crenwelge Buick by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 481 gallons of solid waste and/or hazardous substances owned or possessed by Crenwelge Buick, at the Site.

76.     By letter dated April 26, 2018, the Plaintiffs notified Crenwelge Buick of the existence of the release or threatened release of solid waste and/or hazardous substances

at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Crenwelge Buick the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

77.     To date, Crenwelge Buick has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

78.     Defendant, Midway Automotive, Inc., ("Midway") is a Texas corporation doing business in Texas.  Midway may be served through its registered agent for service of process, Gene Walls, RR 2, Box 298, Floresville, Texas 78114.

79.     According to Site records, Midway by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 478 gallons of solid waste and/or hazardous substances owned or possessed by Midway, at the Site.

80.     By letter dated April 27, 2018, the Plaintiffs notified Midway of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Midway the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

81.     To date, Midway has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

82.     Defendant, Charles A. Clay, individually and dba AAMCO Transmissions (collectively "Clay"), is a Texas resident doing business in Texas.  Charles A. Clay may be served at his principal place of business at 5038 Rigsby Ave., San Antonio, Texas 78222-1353.

073171.000001
125 - 5322622.7

83.     According to Site records, Clay by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 461 gallons of solid waste and/or hazardous substances owned or possessed by Clay, at the Site.

84.     By letter dated June 13, 2019, the Plaintiffs notified Clay of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Clay the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

85.     To date, Clay has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

86.     Defendant, Cambridge Auto Center, Inc. ("Cambridge Auto") is a Texas corporation doing business in Texas.   Cambridge Auto may be served through its registered agent for service of process, Terry Toller, 9823 Fredericksburg Rd., San Antonio, Texas 78240.

87.     According to Site records, Cambridge Auto by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 440 gallons of solid waste and/or hazardous substances owned or possessed by Cambridge Auto, at the Site.

88.     By letter dated April 27, 2018, the Plaintiffs notified Cambridge Auto of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or

073171.000001
125 - 5322622.7

threatened release of solid waste and/or hazardous substances at the Site and offered Cambridge Auto the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

89.     To date, Cambridge Auto has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the site.

90.     Defendant, Michael H. Kaczmar, individually and dba BC Garage (collectively "BC Garage"), is a Texas resident doing business in Texas. Michael H. Kaczmar may be served at his principal place of business at BC Garage at 1400 Hildebrand Ave., San Antonio, Texas 78201.

91.     According to Site records, BC Garage by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 437 gallons of solid waste and/or hazardous substances owned or possessed by BC Garage, at the Site.

92.     By letter dated April 27, 2018, the Plaintiffs notified BC Garage of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered BC Garage the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

93.     To date, BC Garage has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

94.     Defendant, Womack Diesel Service Incorporated ("Womack") is a Texas corporation doing business in Texas. Womack may be served through its registered agent for service of process, Charles Womack, 1626 North Austin, Seguin, Texas 78155.

95.      According to Site records, Womack by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 417 gallons of solid waste and/or hazardous substances owned or possessed by Womack, at the Site.

96.      By letter dated February 27, 2018, the Plaintiffs notified Womack of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Womack the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

97.      To date, Womack has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

98.      Defendant, Seguin Chevrolet, Inc. ("Seguin Chevrolet") is a Texas corporation doing business in Texas. Upon information and belief, Seguin Chevrolet is a successor in interest to Wallace Lundgren Chevrolet ("Wallace Lundgren").   Seguin Chevrolet may be served through its registered agent for service of process, Shauna Elizabeth Braun, 301 Gentilly Place, Houston, Texas 77024.

99.      According to Site records, Wallace Lundgren (now Seguin Chevrolet) by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 412 gallons of solid waste and/or hazardous substances owned or possessed by Wallace Lundgren (now Seguin Chevrolet), at the Site.

100.     By letter dated May 2, 2018, the Plaintiffs notified Seguin Chevrolet of the existence of the release or threatened release of solid waste and/or hazardous substances at

073171.000001
125 - 5322622.7

the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Seguin Chevrolet the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

101.     To date, Seguin Chevrolet has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

102.     Defendant, Dornak Auto Parts, Inc., ("Dornak") is a Texas corporation doing business in Texas. Dornak may be served through its registered agent for service of process, James A. Dornak, 1107 Oak St., Jourdanton, Texas 78026.

103.     According to Site records, Dornak by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 412 gallons of solid waste and/or hazardous substances owned or possessed by Dornak, at the Site.

104.     By letter dated May 2, 2018, the Plaintiffs notified Dornak of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Dornak the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

105.     To date, Dornak has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

106.     Defendant, Rogers Import Service, LLC ("Rogers Import") is a Texas limited liability company doing business in Texas. Rogers Import may be served through its registered agent for service of process, Roger Cavasos, 1015 E. Southcross Blvd., San Antonio, Texas 78201.

073171.000001
125 - 5322622.7

107.     According to Site records, Rogers Import by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 412 gallons of solid waste and/or hazardous substances owned or possessed by Rogers Import, at the Site.

108.     By letter dated May 2, 2018, the Plaintiffs notified Rogers Import of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Rogers Import the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

109.     To date, Rogers Import has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

110.     Defendant, Robert Maspero, individually and dba United Transmissions (collectively "United Transmissions"), is a Texas resident doing business in Texas. Robert Maspero may be served at his principal place of business at 3002 Pleasanton Rd., San Antonio, Texas 78221.

111.     According to Site records, United Transmissions by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 393 gallons of solid waste and/or hazardous substances owned or possessed by United Transmissions, at the Site.

112.     By letter dated May 2, 2018, the Plaintiffs notified United Transmissions of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release

073171.000001
125 - 5322622.7

or threatened release of solid waste and/or hazardous substances at the Site and offered United Transmissions the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

113.    To date, United Transmissions has refused to cooperate with the Plaintiffs and has   not paid any response costs incurred by the Plaintiffs at the Site.

114.    Defendant, Daniel Brossman, individually and dba B&M Automotive, is a Texas resident doing business in Texas. Daniel Brossman may be served at his principal place of business at 6638 Topper Parkway, San Antonio, Texas 78233.

115.    Defendant, Lee Roy Meadows, individually and dba B&M Automotive, is a Texas resident doing business in Texas. Lee Roy Meadows may be served at his principal place of business at 6638 Topper Parkway, San Antonio, Texas 78233.

116.    According to Site records, Daniel Brossman, Lee Roy Meadows, and B&M Automotive (collectively "B&M Automotive") by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 385 gallons of solid waste and/or hazardous substances owned or possessed by B&M Automotive, at the Site.

117.    By letter dated May 2, 2018, the Plaintiffs notified B&M Automotive of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered B&M Automotive the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

118.    To date, B&M Automotive has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

073171.000001
125 - 5322622.7

119.     Defendant, David Anderson, individually and dba Anderson Garage (collectively "Anderson Garage"), is a Texas resident doing business in Texas. David Anderson may be served at his principal place of business at 7560 Bandera Road, San Antonio, Texas 78238.

120.     According to Site records, Anderson Garage by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 382 gallons of solid waste and/or hazardous substances owned or possessed by Anderson Garage, at the Site.

121.     By letter dated May 3, 2018, the Plaintiffs notified Anderson Garage of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Anderson Garage the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

122.     To date, Anderson Garage has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

123.     Defendant, Johnson-Savage, Inc. dba Precision Tune ("Precision Tune") is a Texas corporation doing business in Texas.  Precision Tune may be served through its registered agent for service of process, Michael E. Rouse, 2500 Braker Lane, Austin Texas 78758.

124.     According to Site records, Precision Tune by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 378 gallons of solid waste and/or hazardous substances owned or possessed by Precision Tune, at the Site.

125.     By letter dated June 13, 2019, the Plaintiffs notified Precision Tune of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Precision Tune the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

126.     To date, Precision Tune has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

127.     Defendant, Dennis Nielsen, individually and dba Nielsen's Garage (collectively "Nielsen's Garage"), is a Texas resident doing business in Texas. Dennis Nielsen may be served at his principal place of business at 115 Angeles, San Antonio, Texas 78201.

128.     According to Site records, Nielsen's Garage by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 360 gallons of solid waste and/or hazardous substances owned or possessed by Nielsen's Garage, at the Site.

129.     By letter dated May 2, 2018, the Plaintiffs notified Nielsen's Garage of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Nielsen's Garage the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

130.     To date, Nielsen's Garage has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

073171.000001
125 - 5322622.7

131.     Defendant, Kayser's Automotive Services, Inc. ("Kayser's Automotive") is a Texas corporation doing business in Texas. Kayser's Automotive may be served through its registered agent for service of process, Joseph Kayser, 1302 Vance Jackson, San Antonio, Texas 78201.

132.     According to Site records, Kayser's Automotive by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 340 gallons of solid waste and/or hazardous substances owned or possessed by Kayser's Automotive, at the Site.

133.     By letter dated May 2, 2018, the Plaintiffs notified Kayser's Automotive of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Kayser's Automotive the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

134.     To date, Kayser's Automotive has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

135.     Defendant, Tieken Auto Service and Parts, Inc. ("Tieken") is a Texas corporation doing business in Texas. Tieken may be served through its registered agent for service of process, Humberto Barrera, 119 South W.W. White Rd., San Antonio, Texas 78219.

136.     According to Site records, Tieken by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 340 gallons of solid waste and/or hazardous substances owned or possessed by Tieken, at the Site.

137.     By letter dated May 2, 2018, the Plaintiffs notified Tieken of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Tieken the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

138.     To date, Tieken has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

139.     Defendant, Mott's Automotive, Inc. ("Mott's Auto") is a Texas corporation doing business in Texas. Mott's Auto may be served through its registered agent for service of process, Jimmy Mott, 4753 Gin Rd., Marion, Texas 78124.

140.     According to Site records, Mott's Auto by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 335 gallons of solid waste and/or hazardous substances owned or possessed by Mott's Auto, at the Site.

141.     By letter dated May 2, 2018, the Plaintiffs notified Mott's Auto of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Mott's the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

142.     To date, Mott's Auto has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

143.     Defendant, Baker Hughes, a GE Company, LLC ("Baker Hughes") is a Delaware corporation doing business in Texas. Upon information and belief, Baker Hughes

is a successor in interest to BJ Services Company, which in turn was a successor in interest to Western Company of North America ("Western").   Baker Hughes may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

144.    According to Site records, Western by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 300 gallons of solid waste and/or hazardous substances owned or possessed by Western, at the Site.

145.    By letter dated May 2, 2018, the Plaintiffs notified Baker Hughes, Western, and BJ Services Company of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Baker Hughes (as successor to Western and BJ Services Company) the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.   On or about June 11, 2018, a Baker Hughes' in-house counsel responded to that May 2, 2018 letter to BJ Services by calling Plaintiffs' counsel and advising Plaintiffs' counsel that Baker Hughes was unwilling to resolve its liability by settling with Plaintiffs as set forth in such letter.

146.    To date, Western, BJ Services Company, and Baker Hughes have refused to cooperate with the Plaintiffs and have not paid any response costs incurred by the Plaintiffs at the Site.

147.    Defendant, Mitson, Inc. dba AAMCO Transmissions ("Mitson") is a Texas corporation doing business in Texas.   Mitson may be served through its registered

agent for service of process, Frank Mitchell, 2105A Pat Booker Road, San Antonio, Texas 78148.

148.   According to Site records, Mitson by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 300 gallons of solid waste and/or hazardous substances owned or possessed by Mitson, at the Site.

149.   By letter dated June 13, 2019, the Plaintiffs notified Mitson of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Mitson the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

150.   To date, Mitson has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

151.   Defendant, B&C Service Center, LLC ("B&C") is a Texas limited liability company doing business in Texas.  B&C may be served through its registered agent for service of process, Clifton J. Friesenhahn, 1329 River Acres Drive, New Braunfels, Texas 78130.

152.   According to Site records, B&C by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 299 gallons of solid waste and/or hazardous substances owned or possessed by B&C, at the Site.

153.   By letter dated May 2, 2018, the Plaintiffs notified B&C of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site,

and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered B&C the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

154.    To date, B&C has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

155.    Defendant Alamo Concrete Products Company ("Alamo Concrete") is a Texas corporation doing business in Texas. On information and belief, Alamo Concrete is a successor to Texas Ready Mix.  Alamo Concrete may be served through its registered agent for service of process, Kirk Taylor, 5675 FM 1604 NE and Green Mountain Rd., San Antonio, Texas 78218.

156.    According to Site records, Texas Ready Mix by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 287 gallons of solid waste and/or hazardous substances owned or possessed by Texas Ready Mix, at the Site.

157.    By letter dated May 2, 2018, the Plaintiffs notified Alamo Concrete (as successor to Texas Ready Mix) of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Alamo Concrete the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

158.    To date, Alamo Concrete has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

159.    Defendant, Ewald Kubota, Inc. ("Ewald Kubota") is a Texas corporation doing business in Texas. On information and belief, Ewald Kubota is a successor to Ewald Ford Tractor, Inc. ("Ewald Ford"). Ewald Kubota may be served through its registered agent for service of process, Herbert John Ewald III, 1899 IH-10 West, Seguin, Texas 78155.

160.    According to Site records, Ewald Ford by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 275 gallons of solid waste and/or hazardous substances owned or possessed by Ewald Ford, at the Site.

161.    By letter dated May 3, 2018, the Plaintiffs notified Ewald Kubota (as successor to Ewald Ford) of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Ewald Kubota the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

162.    To date, Ewald Kubota has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

163.    Defendant, Louis F. Sirianni, individually and dba Sirianni Automotive (collectively "Sirianni"), is a Texas resident doing business in Texas. Louis F. Sirianni may be served at his principal place of business at 11109 West Ave., San Antonio, Texas 78213.

164.    According to Site records, Sirianni, by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for

disposal or treatment of, at least 268 gallons of solid waste and/or hazardous substances owned or possessed by Sirianni, at the Site.

165.    By letter dated May 3, 2018, the Plaintiffs notified Sirianni of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Sirianni the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

166.    To date, Sirianni has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

167.    Defendant, Guido Brother's Construction Company ("Guido") is a Texas corporation doing business in Texas. Guido may be served through its registered agent for service of process, Thomas L. Guido, 8526 Vidor Ave., San Antonio, Texas 78216.

168.    According to Site records, Guido by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 260 gallons of solid waste and/or hazardous substances owned or possessed by Guido, at the Site.

169.    By letter dated May 11, 2018, the Plaintiffs notified Guido of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Guido the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

170.    To date, Guido has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

171.    Defendant, Tress, Inc. dba Performance Automotive & Transmission (collectively "Performance Automotive") is a Texas corporation doing business in Texas. Tress, Inc. may be served through its registered agent for service of process, Eric Carr, 104 Leaning Oak Circle, Johnson City, Texas 78636.

172.    According to Site records, Performance Automotive by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 260 gallons of solid waste and/or hazardous substances owned or possessed by Performance Automotive, at the Site.

173.    By letter dated May 11, 2018, the Plaintiffs notified Performance Automotive of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Performance Automotive the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

174.    To date, Performance Automotive has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

175.    Defendant, Schneider's Tire & Automotive Service, Inc. ("Schneider"), is a Texas corporation doing business in Texas. Schneider may be served through its registered agent for service of process resident doing business in Texas, Harry Schneider, 2260 W.W. White Road, San Antonio, Texas 78222.

176.    According to Site records, Schneider by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for

disposal or treatment of, at least 255 gallons of solid waste and/or hazardous substances owned or possessed by Schneider, at the Site.

177.     By letter dated May 11, 2018, the Plaintiffs notified Schneider of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Schneider the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

178.     To date, Schneider has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

179.     Defendant, Boening Brothers Dairy, Inc. ("Boening") is a Texas corporation doing business in Texas. Boening may be served through its registered agent for service of process, Joe Hely, 4047 Broadway, San Antonio, Texas 78209.

180.     According to Site records, Boening by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 253 gallons of solid waste and/or hazardous substances owned or possessed by Boening, at the Site.

181.     By letter dated May 11, 2018, the Plaintiffs notified Boening of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Boening the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

182.     To date, Boening has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

073171.000001
125 - 5322622.7

183.     Defendant, Greg Kraft, individually and dba Greg's Automotive & Truck Center (collectively "Greg's Automotive"), is a Texas resident doing business in Texas. Greg Kraft may be served at his principal place of business, 679 S. Seguin, New Braunfels, Texas 78130.

184.     According to Site records, Greg's Automotive by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 253 gallons of solid waste and/or hazardous substances owned or possessed by Greg's Automotive, at the Site.

185.     By letter dated May 17, 2018, the Plaintiffs notified Greg's Automotive of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Greg's Automotive the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

186.     To date, Greg's Automotive has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

187.     Defendant, H&H Crane Service, Inc. ("H&H Crane") is a Texas corporation doing business in Texas. H&H Crane may be served through its registered agent for service of process, Sam Drugan, 800 Broadway, San Antonio, Texas 78215.

188.     According to Site records, H&H Crane by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 245 gallons of solid waste and/or hazardous substances owned or possessed by H&H Crane, at the Site.

073171.000001
125 - 5322622.7

189.    By letter dated May 16, 2018, the Plaintiffs notified H&H Crane of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered H&H Crane the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

190.    To date, H&H Crane has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

191.    Defendant, Southern Moving & Storage Company, Inc. ("Southern Moving") is a Texas corporation doing business in Texas. Southern Moving may be served through its registered agent for service of process, Courtney J. Walker, 206 E. Sunset Rd., San Antonio, Texas 78209.

192.    According to Site records, Southern Moving by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 220 gallons of solid waste and/or hazardous substances owned or possessed by Southern Moving, at the Site.

193.    By letter dated May 16, 2018, the Plaintiffs notified Southern Moving of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Southern Moving the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

194.    To date, Southern Moving has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

195.     Defendant, Temple Hill Automotive Repairs, Inc. ("Temple Hill") is a Texas corporation doing business in Texas. Temple Hill may be served through its registered agent for service of process, Debra Otto, 1703 Goliad, San Antonio, Texas 78223.

196.     According to Site records, Temple Hill by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 220 gallons of solid waste and/or hazardous substances owned or possessed by Temple Hill, at the Site.

197.     By letter dated May 16, 2018, the Plaintiffs notified Temple Hill of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Temple Hill the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

198.     To date, Temple Hill has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

199.     Defendant, Jesse R. Zamarripa, individually and dba Zamarripa's Tire (collectively "Zamarripa"), is a Texas resident doing business in Texas. Jesse R. Zamarripa may be served at his principal place of business, 614 New Laredo Hwy, San Antonio, Texas 78211.

200.     According to Site records, Zamarripa by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 215 gallons of solid waste and/or hazardous substances owned or possessed by Zamarripa, at the Site.

073171.000001
125 - 5322622.7

201.     By letter dated May 16, 2018, the Plaintiffs notified Zamarripa of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Zamarripa the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

202.     To date, Zamarripa has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

203.     Defendant, University Hospital ("University Hospital") is part of the Bexar County Hospital District d/b/a University Health System.  University Hospital may be served through its President and Chief Executive Officer, George B. Hernandez, Jr., 4502 Medical Drive, San Antonio, Texas 78229.

204.     According to Site records, University Hospital by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 210 gallons of solid waste and/or hazardous substances owned or possessed by University Hospital, at the Site.

205.     By letter dated May 17, 2018, the Plaintiffs notified University Hospital of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered University Hospital the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

206.     To date, University Hospital has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

207.     Defendant, Sparrow Bros. Automotive Parts & Service, Inc. ("Sparrow Bros.") is a Texas corporation doing business in Texas. Sparrow Bros. may be served through its registered agent for service of process, Terry Sparrow, 5902 Cary Grant, San Antonio, Texas 78240.

208.     According to Site records, Sparrow Bros. by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 195 gallons of solid waste and/or hazardous substances owned or possessed by Sparrow Bros., at the Site.

209.     By letter dated May 16, 2018, the Plaintiffs notified Sparrow Bros. of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Sparrow Bros. the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

210.     To date, Sparrow Bros. has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

211.     Defendant, Soechting Motors, Inc. (Soechting") is a Texas corporation doing business in Texas. Soechting may be served through its registered agent for service of process, William Maierhofer, 603 E. Kingsbury St., Seguin, Texas 78155.

212.     According to Site records, Soechting by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 180 gallons of solid waste and/or hazardous substances owned or possessed by Soechting, at the Site.

073171.000001
125 - 5322622.7

213.     By letter dated May 16, 2018, the Plaintiffs notified Soechting of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Soechting the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

214.     To date, Soechting has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

215.     Defendant Badders Garage, Inc. ("Badders") is a Texas corporation doing business in Texas. Badders may be served through its registered agent for service of process, Brad Badders, 520 N. Colorado St., San Antonio, Texas 78207.

216.     According to Site records, Badders by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 165 gallons of solid waste and/or hazardous substances owned or possessed by Badders, at the Site.

217.     By letter dated May 16, 2018, the Plaintiffs notified Badders of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Badders the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

218.     To date, Badders has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

219.     Defendant, Bill Reichel, individually and dba Hays County Automotive (collectively "Hays"), is a Texas resident doing business in Texas. Bill Reichel may be

served at his principal place of business, 104 Texas Ave., San Marcos, Texas 78666, or wherever he may be found.

220.     According to Site records, Hays by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 165 gallons of solid waste and/or hazardous substances owned or possessed by Hays, at the Site.

221.     By letter dated May 17, 2018, the Plaintiffs notified Hays of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Hays the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

222.     To date, Hays has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

223.     Defendant, Dietz Tractor Company ("Dietz") is a Texas Corporation doing business in Texas. Dietz may be served through its registered agent for service of process, Mark L. Dietz, 547 E IH-10, Seguin, Texas 78155.

224.     According to Site records, Dietz by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 163 gallons of solid waste and/or hazardous substances owned or possessed by Dietz, at the Site.

225.     By letter dated May 17, 2018, the Plaintiffs notified Dietz of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of

solid waste and/or hazardous substances at the Site and offered Dietz the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

226.    To date, Dietz has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

227.    Defendant, David Hinson, individually and dba Hinson's Auto Repair (collectively "Hinson"), is a Texas resident doing business in Texas. David Hinson may be served at his principal place of business at 4742 Callaghan Road, San Antonio, Texas 78228

228.    According to Site records, Hinson by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 151 gallons of solid waste and/or hazardous substances owned or possessed by Hinson, at the Site.

229.    By letter dated May 21, 2018, the Plaintiffs notified Hinson of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Hinson the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

230.    To date, Hinson has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

231.    Defendant, Crenwelge Motor Sales, Inc. ("Crenwelge Motor Sales") is a Texas corporation doing business in Texas.  Crenwelge Motor Sales may be served through its registered agent for service of process, Milton Crenwelge, 413 West Main, Fredericksburg, Texas 78624.

073171.000001
125 - 5322622.7

232.     According to Site records, Crenwelge Motor Sales by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 140 gallons of solid waste and/or hazardous substances owned or possessed by Crenwelge Motor Sales, at the Site.

233.     By letter dated April 26, 2018, the Plaintiffs notified Crenwelge Motor Sales of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Crenwelge Motor Sales the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

234.     To date, Crenwelge Motor Sales has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

235.     Defendant, R&L Carriers, Inc. ("R&L Carriers") is a Delaware corporation doing business in Texas.  R&L Carriers may be served through its registered agent for service of process, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201. Upon information and belief, R&L Carriers is a successor in interest to Herder Truck Lines.

236.     According to Site records, Herder Truck Lines by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 135 gallons of solid waste and/or hazardous substances owned or possessed by Herder Truck Lines.

237.     By letter dated May 21, 2018, the Plaintiffs notified Herder Truck Lines and R&L Carriers of the existence of the release or threatened release of solid waste and/or

073171.000001
125 - 5322622.7

hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered R&L Carriers (as successor to Herder Truck Lines) the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

238.     To date, R&L Carriers (as successor to Herder Truck Lines) has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

239.     Defendant, Ruiz and Sons, Inc. ("Ruiz") is a Texas corporation doing business in Texas.  Ruiz may be served through its registered agent for service of process, Sergio Ruiz, 838 Old Hwy. 90 West, San Antonio, Texas 75237.

240.     According to Site records, Ruiz by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 135 gallons of solid waste and/or hazardous substances owned or possessed by Ruiz.

241.     By letter dated May 21, 2018, the Plaintiffs notified Ruiz of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Ruiz the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

242.     To date, Ruiz has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

073171.000001
125 - 5322622.7

243.     Defendant, Auto Works, Inc. ("Auto Works") is a Texas corporation doing business in Texas.  Auto Works may be served through its registered agent for service of process, Lloyd Mark Munn, 4727 Timco West, San Antonio, Texas 75238.

244.     According to Site records, Auto Works by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 125 gallons of solid waste and/or hazardous substances owned or possessed by Auto Works.

245.     By letter dated May 21, 2018, the Plaintiffs notified Auto Works of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Auto Works the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

246.     To date, Auto Works has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

247.     Defendant, Baumann Auto Repair, Inc. ("Baumann") is a Delaware corporation doing business in Texas.  Baumann may be served through its registered agent for service of process, Kenneth M. Smith, 7902 Mainland Dr., San Antonio, Texas 78250. Upon information and belief, Baumann is a successor in interest to Bill Mezzetti Tire Company ("Mezzetti").

248.     According to Site records, Mezzetti by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 110 gallons of solid waste and/or hazardous substances owned or possessed by Mezzetti.

249.     By letter dated May 22, 2018, the Plaintiffs notified Baumann (as successor to Mezzetti) of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Baumann the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

250.     To date, Baumann (as successor to Mezzetti) has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

251.     Defendant, Bolado's Automotive, Inc. ("Bolado") is a Texas corporation doing business in Texas.  Balado may be served through its registered agent for service of process, Manuel Bolado, Jr., 3930 SW Military Dr., San Antonio, Texas 75211.

252.     According to Site records, Bolado by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 110 gallons of solid waste and/or hazardous substances owned or possessed by Bolado.

253.     By letter dated May 22, 2018, the Plaintiffs notified Bolado of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered Bolado the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

254.     To date, Bolado has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

255.     Defendant, River City Hydraulics, Inc. ("River City") is a Texas corporation doing business in Texas.  River City may be served through its registered agent for service of process, Ralph Laborde, 1411 N. Hackberry St., San Antonio, Texas 75208.

256.     According to Site records, River City by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 110 gallons of solid waste and/or hazardous substances owned or possessed by River City.

257.     By letters dated May 14, 2018 and February 4, 2019, the Plaintiffs notified River City of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered River City the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

258.     To date, River City has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

259.     Defendant, Ismail Ali, individually and dba San Marcos Truck Stop (collectively "San Marcos Truck Stop"), is a Texas resident doing business in Texas. Ismail Ali may be served at his principal place of business at 8870 Business Park Dr., Unit 100, Austin, Texas 78759.

260.     According to Site records, San Marcos Truck Stop by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of, at least 110 gallons of solid waste and/or hazardous substances owned or possessed by San Marcos Truck Stop, at the Site.

073171.000001
125 - 5322622.7

261.     By letter dated May 21, 2018, the Plaintiffs notified San Marcos Truck Stop of the existence of the release or threatened release of solid waste and/or hazardous substances at the Site, and that the Plaintiffs intended to take steps to eliminate the release or threatened release of solid waste and/or hazardous substances at the Site and offered San Marcos Truck Stop the opportunity to voluntarily join in the Plaintiffs' efforts at the Site.

262.     To date, San Marcos Truck Stop has refused to cooperate with the Plaintiffs and has not paid any response costs incurred by the Plaintiffs at the Site.

## JURISDICTION AND VENUE

263.     The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 9607 and 9613(b), 28 U.S.C. § 1331, and through this Court's pendent and ancillary jurisdiction. The Court has supplemental jurisdiction over the TSWDA, unjust enrichment and negligence per se claims because the state law claims derive from the same set of facts.

264.     Venue is proper in this Court pursuant to (i) 42 U.S.C. § 9607(a) and § 9613(b) and 28 U.S.C. § 1391(b); and (ii) Tex. Health & Safety Code § 361.344 because the release or threatened release of hazardous substances and/or solid waste occurred at or from the Site in this judicial district and in Bexar County.

## BACKGROUND FACTS AND GOVERNING LAWS

### The Site, Site History, and the Ongoing Cleanup

265.     The Site is located at 403 and 507 Somerset Road in San Antonio, Bexar County, Texas.

266.     The northern tract (the "Northern Tract") was previously used for multiple industrial/commercial operations, including oil refining and waste oil recycling. The

southern tract ("Southern Tract") was also previously used for multiple industrial/commercial operations, including oil refining, petroleum distribution, and fuel blending operations. The industrial/commercial operations at the Site ceased in approximately the late 1980s or early 1990s.

267. Upon information and belief, due to the historical industrial/commercial operations (including the waste oil recycling and fuel blending operations), various solid wastes and hazardous substances were generated and disposed of at the Site.

268. The Site is presently inactive, and a receiver has been appointed by the Court to manage the Site and assist the Plaintiffs in remediating the Site.

269. Releases and/or threatened releases of solid wastes and hazardous substances at the Site resulted from, but are not limited to, leakages from several of the former aboveground storage tanks and the former piping, and overflows from some of the former aboveground storage tanks into Site soils and groundwater. Hazardous substances found at the Site include, but are not limited to, benzene, ethylbenzene, naphthalene, toluene, xylenes, arsenic and lead.

270. The Site was proposed for listing on the National Priorities List ("NPL") on June 14, 2001 (66 FR 32287), but that listing was never finalized, and as of the date of this Complaint, the Site has not been placed on the NPL.

271. In August 2001, in response to the release and/or threatened release of hazardous substances from the Site, the Environmental Protection Agency ("EPA") commenced time-critical removal actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604. On March 3, 2017, the EPA approved Plaintiffs' Remedial Investigation Report.

272.    Removal actions at the Site have included the removal of (i) asbestos containing materials from on-Site containers, equipment, piping, and within buildings; (ii) contaminated materials from within on-Site containers (including an underground storage tank), equipment, and piping; (iii) on-Site containers, equipment, piping and other contaminated items; and (iv) contaminated soils.

273.    The Plaintiffs, along with the Texas Department of State Health Services and the United States Defense Logistics Agency, Defense Reutilization and Marketing Service, have entered into an Administrative Settlement Agreement and Order on Consent ("AOC") with EPA to perform or fund the Remedial Investigation and Feasibility Study ("RI/FS") and to reimburse EPA for response costs incurred by EPA in connection with the RI/FS. The AOC includes EPA findings that hazardous substances are located at the Site, which may present an imminent and substantial danger to public health or welfare, and that conditions at the Site constitute an actual or threatened "release" of hazardous substances. The Plaintiffs anticipate entering into another agreement to perform the remedial design and remedial action at the Site, once the RI/FS has been completed and a remedy selected. All work performed in compliance with the anticipated agreement will be consistent with the National Oil and Hazardous Substance Pollution Contingency Plan ("NCP").

274.    However, many responsible parties, including the Defendants herein, did not join in the AOC to perform the RI/FS. Plaintiffs now seek to impose joint and several liability on or otherwise gain contribution from those responsible parties that did not participate in or fund the response actions required by the EPA so as to recover the response costs Plaintiffs incurred, and will incur, because of the actual or threatened release of solid wastes and hazardous substances at the Site.

### FIRST CLAIM FOR RELIEF (CERCLA 107)

275.     Plaintiffs repeat and incorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

276.     Plaintiffs assert this claim for recovery of response costs and contribution pursuant to CERCLA, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. § 9601, *et seq*.

277.     The Site (and adjacent properties to which hazardous substances may have migrated from the Site) is an area where hazardous substances were deposited, stored, disposed of or placed, or otherwise came to be located, and is therefore a "facility" within the meaning of 42 U.S.C. §§ 9601 (9) and 9607 (a)(3).

278.      "Releases" of "hazardous substances" to the environment occurred at the Site within the meaning of 42 U.S.C. § 9601(14) and (22).

279.     Each of the Plaintiffs qualifies as a "person" under Sections 101(21), 107, and 113 of CERCLA, 42 U.S.C. § § 9601(21), 9607 and 9613.

280.     Each of the Defendants qualifies as a "person" under Sections 101(21), 107, and 113 of CERCLA, 42 U.S.C. § § 9601(21), 9607 and 9613.

281.     Plaintiffs allege that the Defendants are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as persons who arranged for the disposal of hazardous substances in such a manner as to cause a "release" of hazardous substances at the Site, as set forth in 42 U.S.C. § 9607(a)(3).

282.     Plaintiffs have incurred "costs of response" for removal and/or remedial action as defined in Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. § 9601 (23),

073171.000001
125 - 5322622.7

(24), and (25), and as used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), because of these "releases" at the Site.

283.    The response costs which Plaintiffs have incurred to date and will incur in the future are and will be necessary and consistent with the NCP.

284.    Additionally, Plaintiffs have suffered damages arising from the injury to, destruction of, and loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release.

285.    Pursuant to 42 U.S.C. § 9607(a), Defendants are liable to Plaintiffs for cost recovery for all necessary costs of response incurred and that will be incurred in the future by Plaintiffs, consistent with the NCP and for all damages arising from the harm, including the cost of injury assessment, to the natural resources at the Site.

## SECOND CLAIM FOR RELIEF (CERCLA 113)

286.    Plaintiffs repeat and incorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

287.    Pursuant to its terms, the AOC constitutes an administrative settlement for purposes of CERCLA Section 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B).  Plaintiffs have resolved their liability to the United States under Section 107 of CERCLA, 42 U.S.C. § 9607, for response actions undertaken by Plaintiffs pursuant to the AOC.

288.    Pursuant to the AOC, the Plaintiffs have taken response actions, have performed, and will perform the work as required by the AOC.  Plaintiffs have incurred and continue to incur additional "costs of response" for removal or remedial action as defined in Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. § 9601 (23), (24), and (25), and as used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

289.    Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B) states:

A person who has resolved its liability to the United States or a
State for some or all of a response action or for some or all of the
costs of such action in an administrative or judicially approved
settlement may seek contribution from any person who is not party
to a settlement referred to in paragraph (2).

290.    The response actions taken by Plaintiffs at the Site were necessary to
protect the public health, welfare, or the environment, and are consistent with the NCP.

291.    Pursuant to 42 USC § 9613(f), Defendants are liable to Plaintiffs for
contribution for any and all necessary costs of response incurred and that will be incurred
in the future by Plaintiffs, consistent with the NCP.

## THIRD CLAIM FOR RELIEF (DECLARATORY JUDGMENT)

292.    Plaintiffs repeat and incorporate the allegations set forth in the preceding
paragraphs as if fully set forth herein.

293.    A present, actual, and justiciable controversy exists between Plaintiffs and
Defendants with respect to the rights, duties, and liabilities associated with the removal
and/or remedial actions taken at the Site.  Accordingly, Plaintiffs seek a declaration under
Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) and the federal Declaratory
Judgment Act, 28 U.S.C. § 2201 *et seq.*

294.    Plaintiffs request that this Court declare all Defendants liable parties under
Section 107 of CERCLA, and that Plaintiffs are entitled to recover from Defendants all
necessary costs of response incurred related to the Site that are consistent with the NCP.

295.    Plaintiffs further seek a judgment by the Court holding that Defendants are
responsible for future necessary response costs that may be incurred by Plaintiffs consistent
with the NCP.  Such a finding is specifically allowed under 42 U.S.C. § 9613(g), and

would be in the public interest, both by avoiding piecemeal litigation and by facilitating any further cleanup of the Site.

## FOURTH CLAIM FOR RELIEF (TSWDA)

296.     Plaintiffs repeat and incorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

297.     The disposal of various hazardous substances and/or solid wastes into the environment at the Site each constituted a "release" of solid wastes and hazardous substances within the meaning of the Texas Health & Safety Code §§ 361.003 and 361.344.

298.     The Site (and adjacent properties to which hazardous substances and solid wastes may have migrated from the Site) is a "solid waste facility" or a "site" within the meaning of Texas Health & Safety Code §§ 361.003 and 361.271.

299.     Plaintiffs assert claims under §§ 361.343 and 361.344 of the TSWDA for recovery of their costs incurred in taking removal and/or remedial actions to address a release of solid wastes and hazardous substances within the meaning of the Texas Health & Safety Code §§ 361.003 and 361.344.

300.     Plaintiffs are each a "person" within the meaning of the Texas Health & Safety Code §§ 361.003 and 361.344 who have conducted removal or remedial action at the Site approved by the TCEQ that was necessary to eliminate a release or threatened release of solid waste and hazardous substances, which resulted in Plaintiffs incurring costs to eliminate such release or threatened release.  Said costs incurred by Plaintiffs were reasonable and necessary under the circumstances.

301.     Defendants are each a person responsible for solid waste because by contract, agreement, or otherwise, they arranged to process, store, or dispose of, or

arranged with a transporter for transport to process, store, or dispose of, solid waste and hazardous substances owned or possessed by them at the Site within the meaning of the Texas Health & Safety Code § 361.271(3).

302.    Defendants are each responsible for costs for the elimination of the release or threatened release of solid waste and hazardous substances at the Site and are subject to the apportionment of such costs as set forth at Texas Health & Safety Code §§ 361.271 and 361.343.

303.    Consistent with Texas Health & Safety Code § 361.344, Plaintiffs provided notice or made reasonable attempts to notify Defendants of the existence of the release or threatened release at and from the Site, that Plaintiffs intended to take steps to eliminate the release or threatened release at the Site, and that Plaintiffs would be seeking cost recovery against the Defendants who did not pay their fair share of apportioned costs within the meaning of the Texas Health & Safety Code §§ 361.343 and 361.344.  In spite of notice and demands by Plaintiffs, Defendants failed to reasonably contribute to the costs for the elimination of the release or threatened release of solid waste and hazardous substances at or from the Site, and each failed to pay its reasonably apportioned share of said costs, said apportionment being consistent with the Texas Health & Safety Code § 361.343.

304.    Defendants are liable to Plaintiffs under Texas Health & Safety Code § 361.343 and 361.344 for reasonable and necessary costs to eliminate the release or threatened release of solid waste and hazardous substances at and from the Site as well as such additional, related costs as the Court may deem appropriate.

073171.000001
125 - 5322622.7

## FIFTH CLAIM FOR RELIEF (UNJUST ENRICHMENT)

305.     Plaintiffs repeat and incorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

306.     Additionally, or in the alternative, Plaintiffs allege that, pursuant to Texas law, Defendants have been unjustly enriched by the benefits conferred upon them in the form of response costs paid by Plaintiffs to investigate and remediate the Site, which costs were due and owing by Defendants and which costs were not incurred by Plaintiffs with the expectation of providing gratuitous service to Defendants, but rather were incurred with the expectation of payment by Defendants of their apportioned fair shares of said response costs.  Plaintiffs would show that their incurrence of response costs was necessary to meet environmental safety standards of the State of Texas and the United States of America and would further show that Defendants were each liable to the United States of America and Plaintiffs for their respective shares of said response costs, entitling Plaintiffs to restitution of monies spent for the benefit of Defendants.

## SIXTH CLAIM FOR RELIEF (NEGLIGENCE PER SE)

307.     Plaintiffs repeat and incorporate the allegations set forth in the preceding paragraphs hereof as if fully set forth herein.

308.     Defendants failed to use the degree of care that reasonable persons should have used to prevent the release of solid waste and hazardous substances into the environment, and such negligence was the proximate cause of the environmental contamination requiring remedial action at the Site.  Defendants' failure to use due care caused Plaintiffs to suffer damages in the form of response costs incurred to investigate and

073171.000001
125 - 5322622.7

plan the remediation of the environmental contamination at the Site, for which each Defendant is therefore liable due to their actionable negligence.

309.    Due to the fact that Defendants' acts and omissions resulted in violation of applicable environmental standards intended to protect human health and the environment, Defendants' negligence constituted negligence per se.

## SEVENTH CLAIM FOR RELIEF (ATTORNEYS' FEES)

310.    Plaintiffs repeat and incorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

311.    As a direct result of Defendants' wrongful actions at the Site, Plaintiffs have been compelled to engage legal counsel and consultants as necessary costs of response and to enforce their rights under applicable law.  These professional services included, among other things, location of responsible parties and other management of Plaintiffs' removal and remedial activities that benefitted the entire removal and remedial effort.

312.    As a consequence of Defendants' wrongful actions at the Site, Plaintiffs have been injured in excess of jurisdictional limits and are entitled to recover reasonable attorneys' and consultants' fees from Defendants as response costs under CERCLA and the TSWDA.

313.    Plaintiffs are also entitled to recover all costs of court plus pre- and post-judgment interest at the maximum legal rate allowed by law.

## JURY DEMAND

314.    Plaintiffs hereby request a trial by jury.

073171.000001
125 - 5322622.7

## **PRAYER**

WHEREFORE, Plaintiffs pray that that this Court grant the following relief:

1. On the First Claim for Relief, judgment against Defendants jointly and severally for Plaintiffs' response costs incurred and to be incurred in connection with the Site or, in the alternative, in an amount equal to each Defendant's equitable share of the response costs incurred and to be incurred by Plaintiffs and all damages arising from the harm, including the cost of the injury assessment, to the natural resources at the Site.

2. On the Second Claim for Relief, judgment against Defendants in an amount equal to their equitable share of response costs incurred, and to be incurred, by Plaintiffs in connection with the Site, as well as other reasonable costs, including attorney fees, as the Court may, in its discretion, award.

3. On the Third Claim for Relief, a declaratory judgment that Defendants are jointly and severally liable as responsible persons for both incurred and future reasonable and necessary costs in connection with the environmental investigation and remediation of the Site.

4. On the Fourth Claim for Relief, judgment against Defendants jointly and severally for Plaintiffs' response costs incurred in connection with the Site or, in the alternative, in an amount equal to each Defendant's equitable share of the response costs incurred and to be incurred by Plaintiffs.

5. On the Fifth Claim for Relief, judgment against the Defendants jointly and severally for Plaintiffs' response costs incurred and to be incurred in connection with the Site or, in the alternative, in an amount equal to each Defendant's fair contribution to the response costs incurred and to be incurred by Plaintiffs.

6. On the Sixth Claim for Relief, judgment against the Defendants jointly and severally for Plaintiffs' response costs incurred and to be incurred in connection with the Site or, in the alternative, in an amount equal to each Defendant's fair contribution to the response costs incurred and to be incurred by Plaintiffs.

7. On the Seventh Claim for Relief, Plaintiffs receive their reasonable attorneys' fees as necessary costs of response and to enforce their rights, as well as costs of suit.

8. All other costs and expenses of suit, including pre-judgment and post-judgment interest, attorneys' fees, and consultants' fees, as provided by law, and for such other and further relief, general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Dated August ___, 2019.

073171.000001
125 - 5322622.7

Respectfully submitted,

/s/ Kelly D. Brown
Kelly D. Brown
State Bar No. 03149830
James E. Smith
State Bar No. 18617800
Caroline C. Pace
State Bar No. 24060372
1401 McKinney, Suite 1700
Houston, Texas 77010
Telephone:     (713) 752-8628
Facsimile:     (713) 425-7928
E-mail:  kbrown@craincaton.com
E-mail:  jsmith@craincaton.com
E-mail:  cpace@craincaton.com

ATTORNEYS FOR PLAINTIFFS

**OF COUNSEL:**
CRAIN, CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010
Telephone: (713) 658-2323
Facsimile: (713) 658-1921

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to those individuals who have consented in writing to accept this Notice as service of this document by electronic means:

/s/ Kelly D. Brown